**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BOSTON, MA                                                                                          CIVIL ACTION NO.

| | |
|---|---|
| William Hurley, as he is Administrator of, and on behalf, of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds,<br>("**Mr. Hurley**")<br>and<br>The International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 7,<br>("**Union**")<br>  Plaintiffs,<br><br>v.<br><br>Andella Iron, Inc.,   ("**Andella Iron**")<br>and<br>Carlos Perlera   ("**Mr. Perlera**")<br>  Defendants. | **COMPLAINT** |

**INTRODUCTION**

1. Plaintiff Mr. Hurley -as Administrator, sues to recover delinquent contributions owed in accord with §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 USC §§ 1132(a)(3), (d)(1), (g), 1145, and § 301 of the Labor Management Relations Act, as amended, 29 USC § 185 ("LMRA"), owed pursuant to a collective bargaining agreement ("CBA") ("Delinquent Amounts"). Exhibit A ("CBA"). Plaintiff, the Union, brings Counts III and IV seeking to enforce its "Local Agreement" recited in the CBA, specifically, the wage portions to recover on behalf of its Members wage non-payments and "any other damages" available under both that Local Agreement, in accord with the LMRA § 185 and state law remedies. At Count V, both Plaintiffs assert an action under theories of fraud and intentional misrepresentation.

**JURISDICTION & VENUE**

2. This Court has exclusive jurisdiction pursuant to § 502(a), (e) and (f) of ERISA, 29 USC §1132(a), (e) and (f), and § 301 of the LMRA, 29 USC § 185, without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies as to Andella Iron as the CBA recites at Exhibit A, ¶11 that:
   "The Parties consent and submit to the jurisdiction of the federal or state courts located in the Commonwealth of Massachusetts and expressly agree to Massachusetts as the exclusive forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder and expressly waive any objection to venue and personal jurisdiction in such courts."

4. Venue lies as to Mr. Perlera, as he is domiciled or resides, upon information and belief, in Chelsea, Massachusetts, within this Court's District.

## PARTIES

5. Plaintiff Mr. Hurley administers employee benefit funds governed by ERISA ("Benefit Funds") from the Benefit Funds' business office located at 161 Granite Avenue, Dorchester, MA 02124.

6. Plaintiff the Union is a labor organization defined by the National Labor Relations Act, 29 U.S.C. § 152, and operates from its business office located at 195 Old Colony Avenue, South Boston, MA 02127.

7. Defendant Andella Iron is, upon information and belief, a Massachusetts corporation with its principal place of business at 20 Ingleside Avenue, Chelsea, MA 02150 and lists its Registered Agent as Jeffrey Silverman of 100 Conifer Hill Drive, Unit 108, Danvers, MA 01923.

8. Defendant Mr. Perlera resides, upon information and belief, at 20 Ingleside Avenue, Chelsea, MA 01250.

## FACTS

9. The CBA attached at Exhibit A is a true and genuine copy of the original signed by Andella Iron and Mr. Perlera.

10. Defendant Mr. Perlera is Andella Iron's president.

11. The CBA's and the Local Agreements' Benefit Funds are jointly trusteed multi-employer plans within the meaning of § 3(3) of ERISA, 29 USC § 1002(3).

12. In his capacity as Administrator, Mr. Hurley is an ERISA fiduciary.

13. Mr. Hurley, for example and among his other duties:

    a. Oversees all administrative functions of the ERISA governed Benefit Funds.
    b. Is responsible for timely and accurate adjudication and payment of ERISA governed employee benefits.
    c. Is responsible for the timely collection and oversight of ERISA governed employer contributions owed to the Benefit Funds, including coordination with legal counsel to ensure timely claims for real property lien and surety bond claims and to institute legal actions to collect delinquent contributions.
    d. Is responsible for effectively communicating plan and policy changes affecting plan beneficiaries and participants and for developing Benefit Funds' communication with plan beneficiaries and participants.
    e. Decides beneficiary and participant eligibility decisions in the first instance for fund participants and beneficiaries who apply for such covered benefits.
    f. Approves and denies ERISA claims for the plans, trustees, beneficiaries, and participants.
    g. Develops audit reports to various state and federal compliance agencies and boards.
    h. Is responsible for the cash control of the Benefit Funds and for accurate reporting of such accounts and the Benefit Funds' cash flow.
    i. Keeps possession and control of and oversees the actual bank and financial accounts containing the Benefit Funds' assets.
    j. Is the Benefits Funds' supervisor signatory who drafts and endorses checks from ERISA governed trust accounts for payments to various accounts payable. Mr. Hurley oversees these accounts and supervises the cosigning of such checks, including where appropriate with a subordinate employee.
    k. Receives, as a bailee, from employers bound to a CBA both ERISA and non-ERISA contributions, which he collects, holds in trust in a bank holding account, and distributes these contributions to various entities recited in the CBA.

14. Among the employer contributions Mr. Hurley collects are amounts sought herein and referenced above as the Delinquent Amounts.

15. Andella Iron is an employer engaged in commerce within the meaning of §§ 3(5) and (12) of ERISA, 29 USC § 1002(5) and (12), of § 301 of the Labor Management Relations Act ("LMRA"), 29 USC § 185, and of the National Labor Relations Act ("NLRA"), at § 152(2).

16. The CBA includes obligations that Andella Iron make timely contributions into various ERISA funds, among other wage and fund payments, to Mr. Hurley's office for each hour worked by any Andella Iron employee covered by the CBA ("Covered Employees") where the CBA articulates as covered work ("Covered Work") that labor.

17. Andella Iron's principal work, among other work, is the unloading, sorting, installation, and tying of steel rods or 'bars' placed to 'reinforce' concrete ("Rebar"), before the concrete is poured over the Rebar.

18. Rebar is Covered Work.

19. During all times material to the matters contained herein, Andella Iron and its Covered Employees primarily performed Rebar work on many projects in Massachusetts and some in New Hampshire & Maine.

20. The CBA also recites applicable Wage Rate sheets. A Wage Rate sheet varies from time to time (e.g., newly negotiated rates and/or geographic areas applicable), depending on a Local Agreement and/or a project that Andella Iron performed as Covered Work.

21. Specifically, the Wage Rate sheets recite pay rate amounts to be paid hourly to each Covered Employee who performed Covered Work, here the Andella Iron's Rebar.

22. The CBA, and its incorporated documents, also provide that Andella Iron must pay interest on the delinquent ERISA Benefits Funds at the rate of 1.5% per month and pay the costs to collect such funds, including costs, legal fees, and ERISA allowed liquidated damages.

23. Among other required information, Andella Iron's CBA obligations include that it must submit on payday of each pay-period a project-by-project remittance report ("Remittance Reports") to the Benefits Funds Office, i.e., here, Mr. Hurley's office.

24. In summary, the Remittance Reports are Andella Iron's self-reporting to the Benefit Funds amounts that Andella Iron claims Covered Employees performed Covered Work per week, the hours each worked, the project, and recites amounts Andella Iron claims as due.

25. Andella Iron submitted, upon information and belief, to the Benefit Funds Office false Remittance Reports, misrepresenting amounts owed. More specifically, and upon information and belief:

    a. In many Remittance Reports, Andella would understate hours of Covered Work performed by Covered Employees;

    b. In other Remittance Reports, Andella would not reveal one or more workers who performed Covered Work for various weeks; and

    c. Andella Iron would operate using two sets of books, i.e., two sets of bank accounts, from which it would pay Covered Employees who performed Covered Work. It specifically used at least two accounts from Santander Bank, for example.

    d. Attached as Exhibit B are true and genuine copies of checks that Plaintiffs received by one Andella Iron employee who is seeking benefits from the ERISA funds articulated in the CBA. (Redacted for filing, unredacted copies available.)

    e. Andella Iron would pay some employees with two checks many weeks (one from each account), some with a check from one account only.

    f. Andella Iron did the above conduct, upon information and belief, intentionally to avoid CBA pay (wage and benefit) rates and to avoid other payroll related taxes and expenses, including social security and workers compensation premiums.

    g. Andella Iron engaged in the conduct described herein for at least the six-year period preceding the date this Complaint was filed.

26. Given the above, Plaintiffs need an audit, entitled by ERISA, and discovery to ascertain precise acts, the details of same, and exact damages and penalties owed.

27. The CBA, Local Agreement(s), and the trusts or Plan instruments entitle Mr. Hurley, as administrator and on behalf of the Trustees to such Benefit Funds to such information and to sue to recover losses claimed herein. Exhibit C (Amendments to: CBA, trust instrument, and Delinquencies Collection Procedure).

28. A copy of this Complaint is being served on both the Secretary of Labor and the Secretary of Treasury by certified mail in accord with ERISA, 29 USC § 1132(h).

## CAUSES OF ACTION

### COUNT I
Mr. Hurley, as Administrator v. Andella Iron
(ERISA, § 515; Delinquent Contributions, Interest, Liquated Damages, Fees, & Costs)

29. Plaintiff Mr. Hurley restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

30. Andella Iron has failed to make required ERISA governed fringe benefit contributions and owes such contributions and accrued interest, liquidated damages, attorney fees and costs.

31. The failure of Andella Iron to make payment of all ERISA contributions owed on behalf of all Covered Employees, along with interest owed, as required by the terms of the CBA, Local Agreement, trust instruments, trustee policies, and other documents violates § 515 of ERISA, 29 USC § 1145 and the CBAs and has caused the Benefit Funds to incur serious and substantial losses.

32. This is an action by Mr. Hurley as a third-party beneficiary of the CBA and the Local Agreements recited therein.

33. This is also an action under ERISA § 515 and other available ERISA provisions allowable to recover losses incurred by the Benefit Funds for Andella Iron's failure to pay such ERISA contributions.

### Count II
Mr. Hurley v. Andella Iron
(Injunctive Relief, ERISA § 1132)

34. Plaintiff Mr. Hurley restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

35. Andella Iron will continue such and other serious and substantial violations of its ERISA obligations owed to the Benefit Funds including wrongful and illegal acts of diverting money from ERISA governed plans, absent injunction relief.

36. ERISA specifically recites that this Court may issue an injunction to such plan participants and beneficiaries and their assets. In accord, this Court may enjoin Andella Iron from substantially similar ERISA violations. E.g., it may enjoin Andella from bidding and contracting to perform Covered Work while knowing Andella Iron will not or cannot pay in accord with its ERISA obligations, and enjoin Andella from refusing to honestly report in Remittance Reports its Covered Work.

37. Absent an order from this Court, Andella Iron will continue to refuse to pay ERISA contributions and other amounts it owes to Mr. Hurley, as Administrator, and the ERISA plan participants will be irreparably damaged as Andella Iron may lack resources from which Mr. Hurley might recover losses and other damages now due. Further, other employers signatory to the CBA or Local Agreements may will incur substantial losses, e.g., they may have to pay increase premiums to help make up the losses caused by Andella Iron's conduct, including increased withdrawal liability, without an adequate remedy at law against Andella Iron.

38. This is an action under the ERISA for equitable relief, specifically, a Court Order:

   a. Ordering that Andella Iron to fully cooperate in providing documents and to submit to a comprehensive forensic audit and examination to determine its Covered Work activity alleged herein;

   b. Enjoining Andella Iron and Mr. Perlera from seeking to engage in Covered Worked, absent reasonable assurances to Mr. Hurley that Andella Iron can abide by its ERISA obligations regarding ERISA contributions and its timely payment of same;

   c. Ordering that Andella Iron honestly report, by way of amended Remittance Reports, all of its activity during the past six years; and

   d. Ordering Andella Iron that, going forward, if it engages in any Covered Work, to report same both weekly and honestly.

**COUNT III**
Union v. Andella Iron,
(Breach of CBA & Local Agreements, 29 USC § 185)

39. Plaintiff the Union restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

40. The Union represents Covered Employees who performed Covered Work for Andella Iron.

41. Attached as Exhibit D is a true and genuine copy of the Local Agreement which the 2-page CBA recites as the Local Agreement, "between Local 7 and the Building Trades Employers Association of Boston and Eastern Massachusetts, Inc. and the Labor Relations Division of the Associated General Contractors of Massachusetts, Inc. (aka "Boston-CBA").

42.  .The Boston-CBA at Article IV, Section 2, at page 7 (pdf p.9), recites:

> "Nothing contained in this Agreement shall be construed as waiving or limiting in any way whatsoever the rights of any member or a member's representative, including the Union or trustee to any trust funds, to pursue civilly or criminally all available remedies against any employer who fails timely to pay wages or benefits, including pursuing to the fullest extent lawful any remedy provided under any federal or state statute or regulation including provisions, if any, providing liquidated damages, attorney's fees and costs. In regards to remedying the wage or benefit non-payment, neither the Union or any member or member-

8

representative shall be bound by the arbitration clause in this Agreement or otherwise be required to arbitrate the issue of wage or benefit non-payment, and the Union or member may immediately seek remedy in any and all appropriate civil, criminal, or administrative fora".

43. The failure of Andella Iron to pay the Local 7 Local Agreements wage rates violated the terms of the CBA and has caused grave damages and loss to the Union and its Covered Employees. Covered Employees who performed Covered Work for Andella Iron remain unpaid for much of the wages they earned for performing Covered Work on the various projects in New England.

44. This is an action under 29 USC, § 185 to recover losses caused to the Covered Employees by Defendants' breaches of the Boston-CBA and to recover multiple damages, liquidated damages, allowed by the Boston-CBA for wage non-payments.

45. This is an action by the Union on its own behalf and as the legal representative of Covered Employees on their behalf to enforce the wage payments provision of the Boston-CBA, Local Agreement applicable in other geographic areas, e.g., MA, NH, & ME, and to recover for its Covered Employees all damages and remedies allowable under the each of those Local Agreements.

**COUNT IV**
Union v. Andella Iron and Mr. Perlera
(State Law Wage Acts Remedies, per CBA, G.L. c. 149 and 151 (OT))

46. Plaintiff the Union restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

47. Covered Employees performed some Covered Work for more than 40 hours per pay period worked but were not paid the CBA rate for overtime.

48. By way of the CBA, Covered Employees are contractually entitled "to the fullest extent lawful any" to state law-based remedies, including liquidated, i.e., (in MA) treble damages, and

9

personal liability against Mr. Perlera, the firm's President, and other officers or managers, if any, who handle payroll, e.g., under G.L. c. 149, §§ 148 and 150.

49. The damages include those amounts of unpaid labor performed during the most recent three-year period, including attorney fees, liquidated (treble) damages (G.L. c. 149, § 27 and 150), interest, and costs.

50. But, for all amounts before that 3-year period, single damages up to the six year period of a contract, the CBA.

51. This is an action on behalf of Covered Employees who performed Covered Work as employees of Andella Iron and who remain due wages for such labor, and to recover available remedies under the G.L. c. 149 §§ 27, 148, and 150 and G.L. c. 151 (Overtime Law) and other remedies available.

## COUNT V
### Plaintiffs v. Andella Iron and Mr. Perlera, Personally
### (Fraud, Intentional Misrepresentation, and Defalcation)

52. Plaintiff the Union restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

53. Mr. Perlera and Andella Iron intentionally misrepresented to each Plaintiff who the firm and he employed and who performed Covered Work on which projects and the amounts of hours each performed such Covered Work.

54. Mr. Perlera held money owed by way of the CBAs intended for the Benefit Funds and other 3rd party beneficiaries in trust, as a fiduciary, responsible to forward same, but he did not.

55. This is action by both Plaintiffs to recover damages owed to Plaintiffs under the theories of fraud, intentional misrepresentation, and defalcation of ERISA assets.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court grant the following relief:

a. Enter a preliminary and permanent injunction enjoining Mr. Perlera and Andella Iron from performing Covered Work while refusing or failing to abide by the CBA and Local Agreements' ERISA's contribution requirements, including paying ERISA allowed interest, fees, liquidated and other damages, and from refusing or failing to provide accurate and timely Remittance Reports for Covered Work performed;

b. Order Defendant Andella Iron to make immediately available to Plaintiffs, updated statements revealing all of their payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, employee payments from all bank accounts, certified payrolls, cash disbursement journals, and a complete listing of all job locations performed during the past six-year period until the date of the Court's Order for the purpose of ascertaining the amounts, if any, of unpaid ERISA contributions for that period;

c. Order that Andella and Mr. Perlera provide a complete list of all past and current projects and accounts receivable due from each such project, identify the entity that owes Andella Iron any receivable or other money -if any, and identify how much is owed;

d. Order the attachment of assets, including the machinery, inventory, bank accounts, and accounts receivable belonging to Andella Iron and Mr. Perlera;

e. Enter judgment in favor of Mr. Hurley on each Count against Andella Iron and Mr. Perlera for all ERISA and other amounts due through to the present, together with any additional amounts determined by the Court to be owed to Mr. Hurley -as Administrator or which may become due during the pendency of this action, plus interest on the unpaid contributions, liquidated damages, attorneys' fees, and costs -all pursuant to 29 U.S.C. § 1132(g)(2) and the CBA; and

f.  Order Andella Iron and Mr. Perlera, personally (G.L.c. 149 §§ 27, 148, 150), to pay individuals represented by the Union unpaid wages, treble damages, interest, attorney fees, other available and "any [other] damages incurred" (*Reuter v. City of Methuen*, 489 Mass. 465, 476 *et seq*.)(Georges, J.) *concurring,* and costs.

g.  Provide such further and other relief as this Court in its experience may deem appropriate.

Respectfully submitted,
Plaintiffs, By and through their attorney,

/s/ *Mickey Long*
Mickey Long, BBO# 634388
P.O. Box E-1
193 Old Colony Avenue
Boston, MA 02127
Tel: (617) 269-0229
MickeyLong@outlook.com

April 4, 2023

12